# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY GLASSMAN, | ) | 1:07-cv-01495-AWI-TAG HC |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF |
| v. | ) ) | HABEAS CORPUS (Doc. 1) |
| JAMES YATES, et al. | ) ) ) | ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |
| Respondents. | ) ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On September 28, 2007, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

Petitioner claims in the instant petition that Respondent violated his First Amendment rights by intercepting and prohibiting his receipt of mail that poses no tangible threat to the security of Respondent's facility. (Doc. 1, p. 5).  Petitioner alleges that Respondent's staff illegally intercepted and confiscated Petitioner's copy of "The Forgotten Temple of Tazedum," apparently a publication that Respondent's staff believed violated Respondent's policies regarding receipt by prisoners of materials containing "Dungeons and Dragons" content.  (Id.). Petitioner contends that publications involving "fantasy games" such as the one confiscated by Respondent do not pose a threat to Respondent's penological interests and therefore should not have been seized by Respondent.  (Id. at p. 11).  Petitioner does not challenge either his conviction or sentence.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that Respondent's policy of intercepting and preventing prisoners from receiving publications that contain "fantasy game" material such as "Dungeons and Dragons" is a violation of his First Amendment rights. Petitioner requests that the Court "submit the publication in question to the standard of analysis set forth in applicable federal case law, determine if Respondent's regulations regarding such publications are "reasonably related to a legitimate penological interest, and then order Respondents to discontinue their policy of prohibiting publications that concern fantasy games. (Doc. 1, p. 10).

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

///

///

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and,

2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 3, 2007**                                   /s/ Theresa A. Goldner
                                                                 UNITED STATES MAGISTRATE JUDGE