UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY GLASSMAN, ) | 1:07-cv-01495-AWI-TAG HC |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| v. ) | RECOMMENDATION AND DISMISSING |
| ) | PETITION FOR WRIT OF HABEAS CORPUS |
| JAMES YATES, et al., ) | |
| ) | ORDER DIRECTING CLERK OF COURT TO |
| Respondents. ) | SEND PETITIONER A FORM COMPLAINT |
| ) | PURSUANT TO 42 U.S.C. § 1983 |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 4, 2007, the Magistrate Judge assigned to the case filed a Findings and Recommendation recommending that the petition for writ of habeas corpus be DISMISSED because the Petition did not allege grounds that would entitle Petitioner to habeas relief under 28 U.S.C. § 2254.  (Doc. 9).  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within twenty days from the date of service of that order.  On December 19, 2007, Petitioner filed objections to the Magistrate Judge's Findings and Recommendation.  (Doc. 10).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis.

1       Petitioner correctly states in his objections that "leave to amend should be granted unless the
2 district court determines that the pleading could not possibly be cured by the allegation of other
3 facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001).   However, as explained by the
4 Magistrate Judge, Petitioner cannot proceed with his First Amendment claims in a habeas corpus
5 petition even if Petitioner is only seeking declaratory relief.   While challenges to a state court's
6 incarceration of a petitioner or the length of that incarceration are proper in a petition for writ of
7 habeas corpus pursuant to 28 U.S.C. § 2254, challenges to the *conditions of prison life* are properly
8 brought under 42 U.S.C. § 1983.  See McCarthy v. Bronson, 500 U.S. 136, 142 (1991); Preiser v.
9 Rodriguez, 411 U.S. 475, 498-99 n.15 (1973); Advisory Committee Notes to Rule 1 of the Rules
10 Governing Section 2254 Cases.   Amendment to the pending habeas corpus petition would be futile
11 because Petitioner is challenging prison regulations that he claims denied him of his First
12 Amendment rights.   The court is not finding Petitioner's claims are barred.   Rather, the court is
13 only finding Petitioner cannot proceed with them in a habeas corpus action.   Petitioner remains free
14 to file a civil rights action containing his First Amendment claims.

15       Accordingly, IT IS HEREBY ORDERED that:

16     1.    The Findings and Recommendation issued December 4, 2007 (Doc. 9), is ADOPTED
17         IN FULL;

18     2.    The petition for writ of habeas corpus (Doc. 1) is DISMISSED;

19     3.    The Clerk of Court is DIRECTED to close the file; and

20     4.    The Clerk of Court is DIRECTED to mail Petitioner a form complaint pursuant to 42
21         U.S.C. § 1983.

22       This order terminates the action in its entirety.

24 IT IS SO ORDERED.

25 **Dated:   January 17, 2008**              **/s/ Anthony W. Ishii**
                                              UNITED STATES DISTRICT JUDGE